# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL ZASADNY,

    Plaintiff,

v.                                                   Case No. 20-CV-1373

RUTH WEIL,

    Defendant.

## REPORT AND RECOMMENDATION SCREENING COMPLAINT AND ORDER ON MOTION TO APPOINT COUNSEL

    Paul Zasadny, who is representing himself, filed a *pro se* complaint against Ruth Weil alleging Weil violated his civil rights under federal law. (Docket # 1.) Zasadny paid the full filing fee at the time of filing his complaint. (*Id.* at 5.) Zasadny has also requested the Court appoint *pro bono* counsel to represent him in this matter. (Docket # 2 and Docket # 4.) Because his complaint fails to allege subject matter jurisdiction, I recommend that his complaint be dismissed. His motion to appoint counsel is denied.

    1.    *Screening of Complaint*

    The Court must determine whether the action filed is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Even in cases where the plaintiff has paid the filing fee, "[t]he court has a duty review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted." *Johnston v. McGinnis*, No. 20-C-810, 2020 U.S. Dist. LEXIS 99827, at *1 (E.D. Wis. June 8, 2020).

    The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. §

1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

I find Zasadny's complaint legally deficient and recommend dismissal. Zasadny alleges that on July 5, 2020, he was selling Native American-style artwork at the Riverwest Gardeners Market in Milwaukee, WI, which was managed by the Riverwest Business Association with Weil serving as its Managing Director. (Docket # 1 at 2.) Zasadny alleges that Weil received one or more complaints related to the items he was selling at the market. (*Id.*) Zasadny alleges that later that day, he received an email from Weil stating that he could no longer sell his Native American-styled pouches and smudge fans at the market, and gave as her reasoning that Native Americans do not like "white folks" profiting off their culture. (*Id.*) Originally, Zasadny sought money damages in the amount of $10,000.00, as well as for Weil to "stop making false statements" regarding Zasadny's business dealings, a public apology posted to the Riverwest Facebook page, an apology from the Riverwest Business Association, and to return to vending at the Riverwest Gardeners Market in 2021 with Zasadny's vendor fees waived. (*Id.* at 4.) Zasadny has since clarified that he is not seeking money damages; rather, he just "want[s] [his] integrity and reputation restored."(Docket # 4.)

2

Case 2:20-cv-01373-JPS   Filed 09/21/20   Page 2 of 6   Document 6

Unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Thus, the federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 447-48 (7th Cir.2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). The court's jurisdiction may be invoked under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It may also be invoked under 28 U.S.C. § 1332, which establishes the court's jurisdiction in matters of diversity jurisdiction. In order for diversity jurisdiction to lie with the federal courts, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2) "the proper amount in controversy" (currently any amount greater than $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).

Zasadny is suing under 28 U.S.C. § 1331, alleging that Weil violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. This statute requires that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Therefore, Zasadny must allege: (1) that he was intentionally discriminated against on the basis of his

race and (2) that Weil was a recipient of federal financial assistance. *Coleman v. Goard,* No. 17-CV-539-PP, 2017 U.S. Dist. LEXIS 115523, at *4 (E.D. Wis. July 25, 2017). Zasadny alleges no facts that indicate Weil or the Riverwest Business Association receives or has received federal funding for the Riverwest Gardeners Market, and as such, 42 U.S.C. § 2000d does not apply.

Liberally construed, Zasadny alleges facts that may indicate a potential claim under 42 U.S.C. § 1983. To proceed on a 42 U.S.C. § 1983 claim, Zasadny must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Here, the Riverwest Business Association is a non-profit organization under Internal Revenue Code 501(c)(4). http://riverwestbusinessassociation.org/about (last visited September 21, 2020). Thus, it is not a government actor. Before a private party's conduct can be considered state action under § 1983, there must be a sufficiently close nexus between the state and the private conduct so that the action may be fairly treated as that of the state itself. *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996). In other words, "the state must somehow be responsible for the allegedly unlawful actions taken by the private party." *Id.* Zasadny alleges no facts that would indicate that Weil or the Riverwest Business Association acted under color of state law. Thus, jurisdiction is not proper under 28 U.S.C. § 1331.

Additionally, jurisdiction is also not proper under 28 U.S.C. § 1332. Even assuming Zasadny had a colorable claim under state law, Zasadny fails to allege diversity jurisdiction. Thus, for these reasons, I recommend that Zasadny's complaint be dismissed.[1]

---

[1] Because the defendant has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

4

### 2. Motion to Appoint Counsel

Zasadny requests the Court appoint him *pro bono* counsel because he receives SSI benefits and is unfamiliar with litigating in federal court. (Docket # 2 and Docket # 4.)

Civil litigants have neither a statutory nor a constitutional right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However, an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono*. *See* 28 U.S.C. § 1915(e)(1) (in proceedings *in forma pauperis*, "[t]he court may request an attorney to represent any person unable to afford counsel"). To be clear, the court's discretionary authority is to recruit a lawyer to represent an indigent civil litigant *pro bono*, but not to make "coercive appointments of counsel." *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). When a party asks the court to recruit a volunteer lawyer in a civil case, the district court must inquire as to whether (1) the indigent party has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and (2) the indigent party appears competent to litigate the case himself, taking into account the difficulty of the case. *Id.* at 654. On the second part of this inquiry, the question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff. "[I]f that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Id.* at 655 (internal citations omitted). Rather, the question is whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. *Id.*

Zasadny's deficient complaint aside, he has not made the threshold showing that he made a reasonable attempt to obtain counsel on his own. Accordingly, Zasadny's motion to appoint counsel is denied.

**NOW, THEREFORE, IT IS RECOMMENDED** that Zasadny's complaint be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Zasadny's motion to appoint counsel (Docket # 2 and Docket # 4) is **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 21st day of September, 2020.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

6

Case 2:20-cv-01373-JPS   Filed 09/21/20   Page 6 of 6   Document 6